IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, *et al.*, <br><br> Plaintiffs, <br> v. <br><br> JEROMY BUSKIRK d/b/a JBUS PIPE, PLUMBING, HEATING & AIR, LLC, <br><br> Defendant. | Civil No. 1:17-cv-1162-TSE-MSN |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 11). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Plaintiff's favor for the reasons that follow.

**I.   Background**

On October 16, 2017, Plaintiffs—the Trustees of multi-employer benefit plans[1]—filed a Complaint against Defendant Jeromy Buskirk d/b/a JBus Pipe, Plumbing, Heating & Air, LLC pursuant to Sections 502 and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145, and Section 301(a) and (c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§ 185(a), (c). *See* Compl. ¶¶ 3–6 (Dkt. No. 1); Pls.' Mot for Default J. at 1 (Dkt. No. 11). Plaintiffs seek a monetary judgment for delinquent contributions, accrued interest, liquidated damages, attorneys' fees, and costs in addition to the amounts that become due through the date of judgment. *Id.* ¶¶ 17–20, 27–30.   Plaintiffs

---

[1] The benefit plans are the Plumbers and Pipefitters National Pension Fund [hereinafter National Pension Fund] and the International Training Fund. *See* Compl. ¶¶ 1–2 (Dkt. No. 1).

allege that from August 2016 to August 2017, Defendant, which is signatory to a collective bargaining agreement, employed workers within Local 565's jurisdiction and "failed to make contributions" due to the National Pension and International Training Funds under which journeymen, apprentice plumbers, and pipefitters are covered. *Id.* ¶¶ 7–10, 12, 14, 22. Defendant also failed to submit reports to these benefit plans, specifying the amount owed during this time period. *Id.* ¶¶ 13, 23; Inscoe NPF Aff. ¶ 6 (Dkt. No. 12-1); Inscoe ITF Aff. ¶ 6 (Dkt. No. 12-2).

As of the date of filing, Defendant owed Plaintiffs $11,153.22 in contributions and $1,115.32 in liquidated damages to the National Pension Fund ("NPF"); $182.26 in contributions and $36.45[2] in liquidated damages to the International Training Fund ("ITF"). Compl. ¶¶ 18, 20, 28, 30. Plaintiffs now seek recovery of $12,487.25, plus interest at rate of 12 percent per year on the delinquent amount until the date of payment as well as costs and attorneys' fees. *Id.* ¶¶ 20, 30.

## II.     Procedural History

On December 6, 2017, Plaintiffs' process server personally served Defendant through an officer, Jeromy Buskirk, pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h) (Dkt. No. 5). *See* Business Organization Detail, West Virginia Secretary of State, http://apps.sos.wv.gov/business/corporations/organization.aspx?org=334277 (listing Jeromy Buskirk as officer of Defendant LLC, although Defendant's charter was revoked in 2015). Defendant did not file a response within 21 days of receipt (*i.e.* December 27, 2017) (Dkt. Nos. 5, 8). On January 17, 2018, the Clerk entered a default against Defendant (Dkt. No. 10). Nine days later, Plaintiffs filed this Motion for Default Judgment (Dkt. No. 11).

---

[2] While Plaintiffs' Complaint provides that Defendant owes $35.45 in liquidated damages for failure to make timely contributions to the International Training Fund, when calculated, the amount totals $36.45. *Compare* Compl. ¶¶ 29–30 *with* Inscoe ITF Aff. at 5.

### III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Federal Rule 4(h)(1)(B). *See* Summons Return Executed (Dkt. No. 5). This Court has subject matter jurisdiction pursuant to 28 U.SC. § 1331 and 29 U.S.C. §§ 185, 1132, and 1145, as Plaintiffs seek relief under ERISA and LMRA. *See* Compl. ¶ 6.

This Court also has personal jurisdiction and venue over Defendant. While Defendant is incorporated in West Virginia and has its principal place of business in that state, ERISA provides that "an action . . . may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2); Compl. ¶¶ 3–4. LMRA also states that jurisdiction lies "(1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members." 29 U.S.C. § 185(c); *see* Pls.' Mot. for Default J. at 2 (Dkt. No. 11). The Funds are administered in Alexandria, Virginia, which is within the Eastern District of Virginia. *See* Compl. ¶¶ 1–2.

### IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be

entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

## V.     Analysis

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint—and supported by Plaintiffs' Memorandum in Support of Motion for Default Judgment and affidavits—establish that Defendant failed to remit any contributions to Plaintiffs on behalf of its Local 565 employees from August 2016 to August 2017. Compl. ¶¶ 12, 17–18, 22, 27–28. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Document, ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and the LMRA, 29 U.S.C. § 185, and Plaintiffs are therefore entitled to default judgment in their favor and damages as detailed below.

### A.     Unpaid Contributions, Late Fees, Interest, and Liquidated Damages

Article VI, Section 6 of the Restated Agreement and Declaration of Trust ("Trust Agreement") for the NPF, to which Defendant is bound, provides that if an employer does not submit reports used to determine contribution amounts, the Fund may assess the delinquent amount as follows: "The Trustees . . . may project as the amount of the delinquency (a) the average of the monthly payments actually made by the Employer for the last three (3) months for which the payments were made, or (b) the average of monthly payments made by the Employers for the last twelve (12) months for which payments were made, or (c) the average of the monthly payment documented by the remittance reports submitted by the Employer without payments for the last three (3) months, or (d) the average of the monthly payment documented by remittance reports

4

submitted by the Employer without payments for the last twelve (12) months, or (e) the average monthly contributions determined by (i) certified payroll records required under any applicable federal, state or local law or (ii) an audit of the payroll and wage records of an Employer." Compl. ¶¶ 15–16; Inscoe NPF Aff. ¶¶ 2, 8–9.  According to remittance reports for the past three months, the average monthly payment is $857.94, and thus for 13 months, Defendant owes $11,153.22 in unpaid contributions for August 2016 to August 2017.  Compl. ¶¶ 17–18; Inscoe NPF Aff. ¶¶ 10–12.  Article VI, Section 5 of the Trust Agreement and the Delinquency Procedures, adopted by the Trustees and revised in May 2009, both also require such employers to pay liquidated damages equal to ten percent of the amount due.  Compl. ¶ 19; Inscoe NPF Aff. ¶ 13.  Although Plaintiffs do not quote from the agreement itself, their Complaint states that pursuant to the Trust Agreement, interest is assessed on the delinquent amount at 12 percent per year until the date of payment.  Compl. ¶ 20.

Similarly, Article VI, Section 7 of the Trust Agreement establishing the ITF, to which Defendant is bound, provides a formula for calculating the delinquent amount when employers fail to remit reports: "The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted or (c) the average monthly contributions determined by an audit of the payroll and wages records."  Compl. ¶¶ 25–26; Inscoe ITF Aff. ¶¶ 2–3, 8–9.  According to remittance reports submitted by Defendant for the past three months, the average monthly payment is $14.02, and thus Defendant owes $182.26 in unpaid contributions for August 2016 to August 2017.  Compl. ¶¶ 27–28; Inscoe ITF Aff. ¶¶ 10–11.  Article VI, Section 6 of the Trust Agreement for the ITF states that an employer failing to "file a report or make contributions within ten (10) calendar days of the due

5

date" may be subject to "(1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due, plus interest from the date due to the date of payment at a rate of twelve percent (12%) per annum . . . ." Compl. ¶ 29; Inscoe ITF Aff. ¶ 13.

Pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are also entitled to recover: (1) the full amount of unpaid contributions; (2) interest on unpaid contributions accruing from the date due through the date of payment; (3) liquidated damages; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on Toni C. Inscoe's affidavits, Defendant owes the following amounts, exclusive of legal fees:

| Fund | Delinquent Contributions | Accrued Interest | Liquidated Damages | Fund Total |
|---|---|---|---|---|
| *NPF* | $11,153.22 | $1,170.15[3] | $1,115.32 | $13,438.69 |
| *ITF* | $182.26 | $19.11[4] | $36.45 | $237.82 |
| **Total** | $11,335.48 | $1,189.26 | $1,151.77 | **$13,676.51** |

Compl. ¶¶ 17–20, 27–30; Pls.' Mem. in Supp. of Mot. for Default J. at 2; Inscoe NPF Aff. ¶¶ 10–14, at 5; Inscoe ITF Aff. 10–15, at 5.

B. **Attorneys' Fees and Costs**

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. John R. Harney's Declaration establishes that Plaintiffs have incurred $2,180.00 in attorneys' fees—based on 12.25 hours of counsel time at a rate of $270.00 per hour for attorneys and $160.00 per hour for paralegals—and $861.29 in costs in connection with this matter. Harney Decl. ¶¶ 5–9, at 5–10 (Dkt. No. 12-3). The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce

---

[3] Plaintiffs mistakenly state that the accrued interest is $1,170.14, but the sum of the interest on the unpaid contributions to the NPF is $1,170.15. *See* Inscoe NPF Aff. ¶ 14, at 5; Pls.' Mem. in Supp. of Mot. for Default J. at 2.

[4] Plaintiffs mistakenly provide the accrued interest as $19.12 , but the sum of the interest on the unpaid contributions for the ITF is $19.11. *See* Inscoe ITF Aff. ¶¶ 14–15, at 5; Pls.' Mem. in Supp. of Mot. for Default J. at 2.

Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $16,717.80.

## VI.     Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of **$16,717.80** plus interest on delinquent contributions continuing to accrue at a rate of 0.033 percent per day (12 percent per annum) until full payment is made.

## VII.    Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

February 2, 2018
Alexandria, Virginia